UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL GARRISON,

                Petitioner,                Case No. 1:01-cv-531

v.                                       Honorable Wendell A. Miles

RAY WOLFE,

                Respondent.

_____/

## OPINION

      This was a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner filed his action in this Court on or about August 21, 2001. The Court dismissed the petition on October 4, 2001, because Petitioner was not "in custody" pursuant to the conviction under attack in his petition. Petitioner did not appeal the dismissal of his petition in the Sixth Circuit. This matter now is before the Court upon Petitioner's motion for relief from judgment brought pursuant to FED. R. CIV. P. 60(b) (docket #5). For the reasons set forth below, Petitioner's motion for relief from judgment will be denied.

## Factual Background

      In his application for habeas corpus relief, Petitioner attacked his 1993 conviction in the Isabella County Circuit Court for breaking and entering a building with intent to commit larceny, for which he was sentenced to imprisonment of 180 days in the county jail, followed by two years of probation. Petitioner did not appeal his conviction. Petitioner was later convicted of violating his probation and served an additional eleven month sentence for the offense. Sometime after his release, Petitioner was arrested for another felony offense. Petitioner's 1993 conviction for

breaking and entering was used to enhance his sentence for the new felony offense under the habitual offender statute, MICH. COMP. LAWS § 769.10. Petitioner did not disclose the nature of the new offense or the length of his sentence. However, he indicated in his petition that he was serving his sentence on the new offense. The Court provided the following reasoning for dismissing the petition for lack of jurisdiction:

> Under 28 U.S.C. § 2254(a), an application for a writ of habeas corpus may only be entertained on behalf of a person "in custody" pursuant to judgment of a State court; see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . [h]e is in custody in violation of the Constitution or laws or treaties of the Unites States.") In *Maleng v. Cook*, 490 U.S. 488 (1989) (per curiam), the Supreme Court construed this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91. At the time he filed his application for habeas corpus relief, Petitioner was serving the sentence on his new felony offense. The sentence on Petitioner's 1993 conviction for breaking and entering has been fully served; therefore, Petitioner is no longer "in custody" pursuant to that conviction.

> In deciding *Maleng*, the Supreme Court expressly declined to decide whether a habeas petitioner may challenge the constitutionality of a state conviction whose sentence has expired by facially attacking a current sentence that was enhanced by the prior state conviction. *Id.* at 494. In other words, the Court did not address whether Petitioner may attack his current conviction on the ground that it was enhanced by a prior, allegedly unconstitutional, state conviction. Many federal circuit courts have answered the question left open by the Supreme Court in the affirmative. *See Smith v. Farley*, 25 F.3d 1363, 1365-66 (7th Cir. 1994); *Collins v. Hesse*, 957 F.2d 746, 748 (10th Cir. 1992); *Allen v. Collins*, 924 F.2d 88, 89 (5th Cir. 1991). In a recent decision, the Sixth Circuit recognized that these circuit court decisions were effectively overruled by the Supreme Court's decisions in *Daniels v. United States*, 121 S. Ct. 1578 (2001) and *Lackawanna County District Attorney v. Coss*, 121 S. Ct. 1567 (2001) (to be reported as 531 U.S. 923). *See Steverson v. Summers*, No. 99-5694, 2001 WL 830452, slip op at 5-6 (6th Cir. July 25, 2001) (to be reported as 258 F.3d 520).

> The Supreme Court decisions in *Daniels* and *Coss* bar a prisoner from challenging a prior, expired conviction, by bringing a habeas action attacking a current sentence that was enhanced by a prior conviction:

> > More important for our purposes here is the question we explicitly left unanswered in *Maleng*: "the extent to which the [prior expired]

conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." 490 U.S. at 494, 109 S. Ct. 1923, 104 L.Ed.2d 540. We encountered this same question in the § 2255 context in *Daniels v. United States*, 532 U.S. at ----, 121 S.Ct. 1578, 149 L.Ed.2d 590. We held there that "[i]f ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through a motion under § 2255." *Id.*, at ----, 121 S. Ct. 1578, 1583, 149 L.Ed.2d 590. We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.

*Coss*, 121 S. Ct. at 1573. In both cases, the Supreme Court recognized an exception for petitions filed under § 2254 and § 2255 "that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 ... (1963)." *Id.* at 1574; *see also Daniels*, 121 S. Ct. at 1583. Pluralities in both cases touched upon another possible exception. The plurality in *Daniels* stated that "there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Daniels*, 121 S. Ct. at 1584. The plurality in *Coss* discussed that a petitioner cannot be faulted for failing to obtain timely review of a constitutional claim if, for example, the state court refused to rule on a constitutional issue that was properly presented to it. Another example cited by the Coss plurality is a petitioner who, after the time for direct or collateral review has expired, obtains evidence that would prove he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. *Id.* at 1575.

Therefore, under the Supreme Court authority discussed above, this Court may not entertain Petitioner's application for habeas corpus petition attacking his 1993 breaking and entering conviction because he is no longer "in custody" pursuant to that conviction. Moreover, the Supreme Court's decisions in *Daniels* and *Coss* foreclose Petitioner from challenging his prior, expired conviction by bringing a habeas action attacking his current sentence that was enhanced by the prior breaking and entering conviction. Neither of the exceptions set forth by the Court apply in this case. Reviewing Petitioner's grounds for relief, it is clear that he was represented by counsel in the 1993 guilty plea proceedings. While Plaintiff contends that he was not informed of his appellate rights following the guilty plea, ignorance of the law is not a sufficient justification for invocation of the second exception. *Cf. United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) (accepting an ignorance-of-the-law excuse would encourage and reward indifference to that law, and thus ignorance will rarely be an excuse, for example when a statute is highly

- 3 -

technical and obscure); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995) (pro se status and ignorance of law did not excuse petitioner's failure to raise claims in state courts), *cert. denied*, 528 U.S. 1197 (2000); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (ignorance of the law does not support equitable tolling of a statute of limitations ); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing." (citations omitted)), *cert. denied*, 121 S. Ct. 1124 (2001).

(10/4/01 Opinion, 4-6, docket #2.)  Petitioner did not appeal the Court's decision.

In his motion for relief from judgment, Petitioner claims that under the Sixth Circuit's recent decision in *Gentry v. Deuth*, 456 F.3d 687 (6th Cir.), *cert. denied*, 127 S. Ct. 838 (2006), he meets the "in custody" requirement for purposes of challenging his 1993 conviction and should be granted habeas corpus relief.

## I.      Petitioner's motion is not a "second or successive" petition for habeas corpus relief.

As a threshold matter, the Court must determine whether Petitioner's motion for relief from judgment is properly brought pursuant to Rule 60(b), or whether it should be considered a second or successive petition.  In *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), the Supreme Court addressed whether the restrictions under the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA) pertaining to second or successive habeas corpus petitions barred a petitioner's Rule 60(b) motion.  A Rule 60(b) motion is a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Gonzalez,* 125 S.Ct. at 2647-48. A "claim" is "an asserted federal basis for relief from a state court's judgment of conviction," and "[a] motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits.*" *Id.*  "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)," and a motion does not attack a determination on the merits when the motion

"merely asserts that a previous ruling which precluded a merits determination was in error; for example, a denial for such reasons as failure to exhaust, procedural default, lack of subject matter jurisdiction or statute-of-limitations bar." *Id.* at 2648 n.4.

In his motion for relief from judgment, Petitioner does not attack a determination on the merits of his petition; rather, he claims that the Court improperly dismissed his case for lack of jurisdiction because he was not "in custody." Under *Gonzalez*, Petitioner's motion for relief from judgment should not be construed as a second or successive petition. Consequently, the Court will consider the merits of Petitioner's motion.

II.    **Petitioner's motion for relief from judgment is without merit**

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-representation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Petitioner's motion specifies subsections (5) and (6). Motions brought pursuant to 60(b)(5) and (6) shall be made "within a reasonable time," a limit determined on a case-by-case basis by the length and circumstances of the delay in filing, prejudice to the opposing party, and any circumstances warranting equitable relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990).

In this case, Petitioner brought his motion for relief from judgment five years after his petition was dismissed by this Court. Petitioner contends that the Court's 2001 decision

- 5 -

dismissing his petition was rendered invalid by the Sixth Circuits recent decision in *Gentry v. Deuth*, 456 F.3d 687 (6th Cir. 2006). At the time she filed her petition, Gentry was incarcerated pursuant to the conviction under attack. She was released while her petition was pending. The district court ultimately granted Gentry a conditional writ of habeas corpus that permitted the state to correct the constitutional defect within 90 days of the final federal court order. *Id.* at 690-91. After the state chose not to retry Gentry, she asked the district court to enforce the conditional writ by entering an order voiding her state conviction. The district court granted the requested relief. *Id.* at 691. On appeal, the state argued that Gentry's motion to enforce the conditional writ was moot because she had been released from custody. The Sixth Circuit disagreed, citing a long line of authority in which it held that a habeas petition is not mooted by a prisoner's release from prison before the court's determination because the petitioner could still face significant collateral consequences flowing from the criminal conviction. *Id.* at 693-94. The Court, however, drew a clear distinction between cases in which the petitioner filed her petition while in custody and subsequently was released and "post-release" habeas petition, stating "Post-release habeas petitions challenging the conditions of confinement are almost necessarily moot, for courts normally cannot offer any habeas redress in such circumstances." *Id.* at 694.

Unlike the petitioner in *Gentry*, Petitioner was not in custody at the time he filed his habeas petition and subsequently released before this Court rendered its decision. Rather, Petitioner was fully discharged from his 1993 criminal conviction before he filed his habeas petition in this Court. Because Petitioner filed a "post-release" habeas petition, it was properly dismissed for the reasons set forth in the Court's previous opinion. Petitioner, therefore, is not entitled to relief from judgment.

An Order consistent with this Opinion will be entered.

Dated: <u>March 20, 2007</u>                                         /s/ Wendell A. Miles
                                                                               Wendell A. Miles
                                                                               Senior U.S. District Judge