UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Petitioner,

                                      Case No. 1:01-cv-531

v.

                                      Hon. Wendell A. Miles

RAY WOLFE,

        Respondent.
_____/

OPINION AND ORDER

       This matter is before the court on Petitioner's Motion for Reconsideration (docket #9), requesting that the court reconsider its orders dated October 4, 2001 and March 20, 2007 denying his petition for habeas corpus because he was not "in custody" pursuant to the conviction under attack in his petition. He brings his motion under Federal Rule of Civil Procedure 60(b).

       Petitioner pleaded nolo contendere in 1993 for breaking and entering a building with intent to commit larceny, and was sentenced to imprisonment of 180 days in the county jail, followed by two years probation. Petitioner did not appeal. He was subsequently convicted of violating his probation and served an additional eleven months imprisonment. After his release, he was arrested and convicted of another felony. His 1993 conviction was used to enhance his sentence on the new felony under the habitual offender statute. MICH. COMP. LAWS § 769.10. Petitioner filed a motion for relief from judgment in the trial court attacking his 1993 plea of nolo contendere. The motion was denied because Petitioner failed to show good cause for failing to raise the issues on direct appeal. The Michigan Court of Appeals and the Michigan

Supreme Court denied his applications for leave to appeal because Petitioner failed to establish that he was entitled to relief under Michigan Court Rule 6.508(D).

When he filed his present petition in this court on August 21, 2001 attacking his 1993 conviction, Petitioner had fully served his sentence for the 1993 offense. He is presently serving his enhanced sentence for the second felony. On October 4, 2001 the court dismissed his petition because he was not "in custody" pursuant to his 1993 conviction. (Docket #2). On March 20, 2007 the court denied his motion for reconsideration. (Docket #7).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. Cincinnati Insurance Co. v. Byers, 151 F.3d 574, 578 (6th Cir. 1998). Petitioner is apparently asserting number 6 as his basis for relief.

A habeas corpus action is a challenge to the very fact or duration of confinement, and the purpose of the writ is to effect an immediate or speedier release. Preiser v. Rodriguiz, 411 U.S. 475, 500 (1973). This court may entertain an application for writ of habeas corpus brought by a person in custody pursuant to a state court conviction "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); and see Maleng v. Cook, 490 U.S. 48 (1989); Steverson v. Summers, 258 F.3d 520, 522 (2001). For

purposes of the habeas corpus statute, a petitioner need only be "in custody" at the time the petition was filed. Spencer v. Kemma, 523 U.S. 1, 7 (1998); Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (holding that whether a habeas corpus petitioner is in custody for purposes of § 2254 is determined at the time the petition is filed).

In Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the United States Supreme Court held that "'[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct of collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255 on the ground that the prior conviction was unconstitutionally obtained.'" Id. at 403-04, quoting Daniels v. United States, 532 U.S. 374 (2001). The Court extended the holding in Daniels to "cover § 2254 petitions directed at enhanced state sentences." Id. However, Petitioner again argues that under Gentry v. Deuth, 456 F.3d 687 (6th Cir. 2006) he meets the "in custody" requirement for purposes of challenging his 1993 conviction. As the court explained in its March 20, 2007, Gentry does not apply to Petitioner's situation.

In Gentry, the petitioner was convicted of second degree manslaughter and sentenced to imprisonment. After she had exhausted her state remedies, she filed a petition for habeas corpus relief. While the petition was pending, she was released from prison. The federal court later found that her Sixth Amendment rights had been violated, and conditionally granted her a writ of habeas corpus that permitted the state to retry her within a certain period of time. After the time had past without a retrial, petitioner filed a motion asking the court to enforce its conditional writ by voiding her conviction so that she would not face any collateral

3

consequences as a result of having been convicted of a felony. Id. at 690-91.  The district court granted the motion, converting the conditional grant into an absolute grant and nullifying the conviction.  The state appealed, and the Sixth Circuit affirmed the district court, reasoning that a conditional grant "lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." Gentry, 456 F.3d at 692.  A federal district court retains jurisdiction to determine whether a party has complied with the terms of the conditional order. Id.  In the present case, unlike the petitioner in Gentry, Petitioner filed his petition for writ of habeas corpus long after he had been released from custody on his 1993 conviction, and there has never been a conditional writ granted that he is seeking to enforce.  Granting his petition would not effect the purpose of providing an immediate or speedier release from custody on his 1993 conviction.

Petitioner also contends that he was denied his right to appellate counsel to appeal his 1993 conviction.  He argues that under Halbert v. Michigan, 545 U.S. 605 (2005), this constitutional violation is an exception to the "in custody" requirement.  In Halbert, the Supreme Court held that the Equal Protection and Due Process clauses require the appointment of counsel for indigent defendants seeking first-tier review of plea-based convictions in the Michigan Court of Appeals, even when such appeals are discretionary rather than as of right. Id. at 609-10.  The Sixth Circuit, however, held that the holding in Halbert does not apply retroactively on collateral review.  Simmons v. Kapture, — F.3d — , 2008 WL 398300 (6th Cir. Feb. 15, 2008). Accordingly, Halbert is of no benefit to Petitioner.

<u>Conclusion</u>

The court thoroughly addressed the merits of Plaintiff's claims in its previous opinions and finds no error in its decision.  Plaintiff fails to demonstrate that he is entitled to relief for any of the reasons set forth in Rule 60(b), nor has he presented exceptional circumstances that would warrant relief in this case.  Therefore:

IT IS ORDERED that Plaintiff's motion for reconsideration (docket #9) is DENIED.

So ordered this 20th day of March, 2008.

<u>/s/ Wendell A. Miles</u>
Wendell A. Miles
Senior U.S. District Judge