UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Petitioner,

        Case No. 1:01-cv-531

v.

        Hon. Wendell A. Miles

RAY WOLFE,

        Respondent.
_____/

OPINION AND ORDER

        This matter is before the court on Petitioner's Motion for Relief From Judgment and Request for Certificate of Appealability (docket #14).  For the following reasons, the court will deny Petitioner's motion and request for a Certificate of Appealability.

        Petitioner pleaded nolo contendere in 1993 for breaking and entering a building with intent to commit larceny, and was sentenced to imprisonment of 180 days in the county jail, followed by two years probation.  Petitioner did not appeal.  He was subsequently convicted of violating his probation and served an additional eleven months imprisonment.  After serving his full sentence and release from custody, he was arrested and convicted of another felony.  His 1993 conviction was used to enhance his sentence on the new felony under the habitual offender statute.  MICH. COMP. LAWS § 769.10.

        When he filed his present petition in this court on August 21, 2001 attacking his 1993 conviction, Petitioner had fully served his sentence for the 1993 offense.  He is presently serving his enhanced sentence for the second felony.  On October 4, 2001, the court dismissed his

petition because he was not "in custody" pursuant to his 1993 conviction when he filed his petition. (Docket ##2, 3).  Five and one-half years later, Petitioner filed a motion for reconsideration, which the court denied on March 20, 2007.  (Docket #7).   On March 20, 2008, the court denied his second Motion for Reconsideration.  (Docket #9).  Petitioner now argues that in its March 20, 2008 order the court "recognized that the Petitioner had met the 'In Custody' exception jurisdictional requirement where he was denied his Constitutional right to appellate counsel . . . ."  Petitioner misreads the court's order.  In the order, the court reiterated that under <u>Maleng v. Cook</u>, 490 U.S. 488 (1989),  <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001) and <u>Daniels v. United States</u>, 532 U.S. 374 (2001), a petitioner may not attack a conviction for which he is no longer in custody.  Nor may a petitioner attack a subsequent conviction that has been enhanced by the first conviction on the grounds that the first conviction was unconstitutionally obtained.  Federal courts simply do not have jurisdiction to consider habeas petitions challenging expired sentences.  The exception to this rule is where the habeas petitioner's challenge to an expired conviction is based on a violation of the Sixth Amendment right to counsel and where that expired conviction is being used to enhance a sentence for which he is currently in custody.  <u>Maleng</u>, 490 U.S. at 493-94.  In its October 4, 2001opinion dismissing the petition, the court found that the exception did not apply in this case. Petitioner was represented by counsel in the 1993 guilty plea proceedings.  The trial judge informed Petitioner that he had the right to appeal.  Nonetheless, Petitioner did not seek direct appeal, did not request a court-appointed attorney to pursue a direct appeal, and accordingly, was not denied appointed counsel.  His only explanation is that he was not provided with appeal

2

forms or informed by his attorney how to appeal, but there is no indication that he attempted to obtain the forms or sought information from any source on how to initiate an appeal, or voiced any desire to appeal.  The court concluded that ignorance of the law is not a sufficient justification for invoking the exception, and Petitioner has not challenged this conclusion.  See United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999) (accepting an ignorance-of-the-law excuse would encourage and reward indifference to that law); Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995) (pro se status and ignorance of the law did not excuse petitioner's failure to raise claims in state courts).  Accordingly, Petitioner may not challenge his 1993 conviction because he was not in custody for that conviction when he filed his petition, and under the circumstances, he does not fall within the exception to the general rule.

Petitioner brought the present motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1) and (6), which respectively provide that a Rule 60(b) motion may be granted for (1) mistake, inadvertence, surprise, or excusable neglect, and (6) any other reason justifying relief from the operation of the judgment.  After reviewing the petition for writ of habeas corpus, Petitioner's motion, and the court's earlier opinions, the court finds no basis for granting the motion for reconsideration.

Petitioner also asks that the court issue a Certificate of Appealability as to all of the issues he raised in his petition for writ of habeas corpus.  In the Judgment entered on October 4, 2001 (docket #3), the court denied a Certificate of Appealability, and finds that there are no additional facts or changes in circumstances that would warrant issuing a Certificate of Appealability at this time.

3

Accordingly, the court DENIES the Motion for Reconsideration (docket #14) and Motion for Certificate of Appealability (docket #14).

So ordered this 23rd day of June, 2008.

                                               /s/ Wendell A. Miles
                                              Wendell A. Miles
                                              Senior U.S. District Judge